**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:16-cv-00082-FL**

| | |
|---|---|
| CITRONELLA TODD and DAWN CAUSE,<br><br>   Plaintiffs,<br><br>v.<br><br>AT&T MOBILITY SERVICES LLC,<br><br>   Defendant. | |

**CONSENT PROTECTIVE ORDER AS TO THE
<u>PRODUCTION OF CONFIDENTIAL DOCUMENTS</u>**

  Plaintiffs in this case allege violations of the Family and Medical Leave Act by Defendant, their former employer. Defendant denies those allegations. The discovery process will require the production of confidential information regarding AT&T's employees, including addresses, disciplinary actions and personnel files. Therefore, this cause coming before the Court upon Defendant's Unopposed Motion for a Consent Protective Order, and the parties having consented to the entry of this Consent Protective Order as to the Production of Confidential Documents;

  WHEREFORE, the Court enters the following Protective Order:

1. As used herein, the word "document" means (a) all designated documents or electronically stored information as defined by Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure produced or furnished by, or obtained from either party on or after the date this action was filed; (b) all copies, extracts, and complete or partial summaries prepared from such documents; (c) portions of deposition transcripts and exhibits thereto which relate to any such documents, copies, extracts, or summaries; (d) portions of briefs, memoranda, or any other writings, filed with the Court, and exhibits thereto, which relate to any such documents, copies, extracts, or summaries; but (e) not any materials which in the good faith judgment of counsel are work product materials; however, to the extent counsel asserts work product privilege, a privilege log shall be provided to opposing counsel.

2. All documents, together with information contained therein or obtained therefrom produced by a party that are designated by the producing party as "confidential" shall be treated as such by all parties to this litigation and shall be used exclusively in connection with this litigation.

3. No confidential documents shall be delivered, exhibited, or disclosed to any person except

a. the Court (including, but not limited, to court reporters, the Judge, jury members, persons operating video equipment at depositions, and any special master or mediator appointed by the Court or agreed to by the parties);

b. the Parties;

c. counsel for the Parties, including regular and temporary employees of counsel;

d. the author, addressee, copyee, or any other person having independent knowledge of the information contained in the materials to the extent counsel reasonably deems necessary for the prosecution, defense, or settlement of this action;

e. a person referenced in or in any way the subject of the materials to the extent counsel reasonably deems necessary for the prosecution, defense, or settlement of this action;

f. outside consultants or expert witnesses who are being used for the purpose of assisting counsel with this case;

g. where necessary, actual or potential deposition or trial witnesses who have been identified as deposition or trial witnesses or whom counsel (or a Party) witnesses in this action; and

h. outside copying services providing assistance in this case for use in accordance with this Order

Those persons described in paragraphs d through h above shall be furnished a copy of this Protective Order and agree to be subject to it, as set forth in the attached Certification, prior to the delivery of any confidential documents to them.

4. Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the Court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the Court.

5. Should either party object to the other party's designation of any document marked as confidential pursuant to this Order, that party may apply to the Court by motion for a ruling that the document shall not be so treated, after giving ten days written notice of such objection to the other party. Until the Court

rules upon such a motion, the subject document shall be afforded the confidential treatment provided for in this Order.

6. Upon request by the producing party, within ninety (90) days of the conclusion of this matter as to all parties, originals of each confidential document and all excerpts or summaries thereof produced by that party, shall be returned to the producing party along with certification that all copies, including those stored electronically, have been destroyed.

7. This Order is without prejudice to the right of any party to make modification or amendment of this Order by further order of the Court upon motion and notice.

DONE AND ORDERED THIS 21st DAY OF June, 2016.

_____
UNITED STATES DISTRICT COURT JUDGE

AGREED AND CONSENTED TO:

*s/ Ralph T. Bryant, Jr.*  
Ralph T. Bryant, Jr.  
P. O. Box 723  
Newport, NC  28570  
Telephone:  (252) 626-3267  
Facsimile:  (252) 294-1624  
attorneyralphbryantjr@gmail.com

ATTORNEY FOR PLAINTIFFS

*s/ Robert E. Thomas, Jr..*  
Robert E. Thomas, Jr.  
Georgia Bar No. 705898  
North Carolina Bar No. 16857  
AT&T Services, Inc.  
675 West Peachtree Street  
Suite 4300  
Atlanta, GA 30308  
Telephone:   (404) 927-3520  
Facsimile:    (404) 927-7167  
E-mail:   bt8053@att.com

ATTORNEY FOR DEFENDANT

# ADDENDUM A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION
# Case No. 5:16-cv-00082-FL

| | |
|---|---|
| CITRONELLA TODD and DAWN CAUSE,<br><br>Plaintiffs,<br><br>v.<br><br>AT&T MOBILITY SERVICES LLC,<br><br>Defendant. | |

## CERTIFICATION REGARDING CONFIDENTIAL INFORMATION

The undersigned certifies that he/she has read the terms of the PROTECTIVE ORDER AS TO THE PRODUCTION OF CONFIDENTIAL DOCUMENTS entered in the case pending in the United States District Court for the Eastern District of North Carolina, captioned <u>Citronella Todd and Dawn Cause v. AT&T Mobility Services LLC,</u> Civil Action File No. 5:16-cv-00082-FL, and agrees to abide by and be bound by the terms and conditions of said Order even in the absence of its being entered by the Court.

This the _____ day of _____, 2016.

_____
Signature

_____
Printed Name